```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

TERRI YVONNE BUTLER,

    Plaintiff,

v.                                  Civil Action No. 5:11CV150
                                                     (STAMP)
MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On February 5, 2009, the plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II of the Social Security Act, claiming that she suffered from disability beginning October 15, 2008. The plaintiff claimed disability as a result of depression, breast cancer, anxiety, anxiety aggression, left arm nerve damage and pain, and stomach ulcers. Her application was denied both initially and upon reconsideration. On January 5, 2010, the plaintiff requested a hearing and such hearing was held on March 22, 2011, before Administrative Law Judge ("ALJ") Mark M. Swayze. The ALJ affirmed the denial of benefits on the grounds that the plaintiff was not disabled as that term is defined by the Social Security Act. The plaintiff then requested a review by the Appeals Council but was denied.

Thereafter, the plaintiff filed this action against the Commissioner of Social Security ("Commissioner") seeking judicial review of the adverse decision entered against her. After filing her complaint with this Court, the plaintiff filed a motion for summary judgment. The defendant did not respond to this motion, but the defendant did file a separate motion for summary judgment. United States Magistrate Judge James E. Seibert reviewed the plaintiff's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this matter be dismissed. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff thereafter filed timely objections to the magistrate judge's finding concerning her argument that the vocational expert's testimony was unreliable.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.  Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.  This Court will review the other findings of the magistrate judge for clear error.

## III.  Discussion

In plaintiff's motion for summary judgment, the plaintiff argues that there is a lack of substantial evidence to meet the Commissioner's burden of proving that there are jobs in significant numbers in the national economy that the plaintiff can do given her age, education, work experience and residual functional capacity ("RFC").  Specifically, the plaintiff states that the ALJ did not present the vocational expert ("VE") with all of the plaintiff's psychological limitations in his hypothetical question and as such the VE's testimony is not relevant to the plaintiff's claim. Further, the plaintiff states that the VE's testimony is unreliable as he incorrectly testified that his testimony was consistent with the Dictionary of Occupational Titles ("DOT") because he identified jobs that required frequent reaching.

The defendant argued in his motion for summary judgment that as an initial matter, disability pursuant to the Social Security Act and regulations is stringent and plaintiff bears the burden of proving not only that she has an impairment expected to result in

death or last continuously, but also that it is so severe that it prevents her from performing any work.  He next argued that the plaintiff did not meet such burden, as the ALJ properly assessed plaintiff's RFC and concluded that she could perform a range of unskilled light and sedentary work.  Lastly, the defendant asserts that the ALJ correctly relied upon the vocational expert's testimony at step five of the sequential evaluation process.

Magistrate Judge Seibert issued a report and recommendation in which he first found that the limitations plaintiff claims that ALJ failed in presenting to the VE did not have to be included in the hypothetical and, even if the ALJ should have included such limitations, there is no evidence that the outcome would have been different.  The limitations the plaintiff asserts should have been included are those that were found by Dr. Capage, a West Virginia State agency psychologist who examined the plaintiff.  Specifically, Dr. Capage had found that the plaintiff was moderately limited in the areas he noted in Section I of the mental RFC assessment.  As the magistrate judge stated, the Social Security Administration guidelines explain that "Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation does not constitute the RFC assessment."  POMS DI 24510.060.  The magistrate judge further indicated that based on the guidelines, "Section III -- Functional Capacity Assessment, is for recording mental RFC

4

determination.  It is in this section that the actual mental RFC assessment is recorded, explaining the conclusions indicated in Section I."  Id.  Based on these guidelines and case law, the magistrate judge concluded that the limitations indicated by Dr. Capage in Section I do not constitute plaintiff's actual RFC, and therefore they did not have to be included in the hypothetical to the VE.  Finally, the magistrate judge indicated that a moderate limitation in a functional area indicates severe but not presumptively disabling impairment.  White v. Barnhart, 454 F. Supp. 2d 609, 615 (E.D. Tex. 2006); see also 20 C.F.R. § 4041520a(c)(4).  Therefore, the magistrate judge asserts that even if the ALJ had included the moderate limitations in his hypothetical, there is no evidence that the outcome would have been different.  The plaintiff did not file objections to this portion of the magistrate judge's report and recommendation.  This Court agrees with the magistrate judge and finds no clear error in his assessment.

   Magistrate Judge Seibert next found that there is no inconsistency between the VE's opinion and the DOT descriptions of the jobs and as such, the VE's testimony was not unreliable.  The plaintiff initially stated in her motion for summary judgment that the ALJ had not specifically questioned the VE as to whether his testimony was consistent with the companion publication to the DOT, the Selected Characteristics of Occupations listed in the

5

Dictionary of Occupational Titles ("SCO"). The plaintiff argued that the VE's testimony is required to be consistent with both the DOT and SCO. As an initial matter, the magistrate judge indicates that the DOT and SCO are not in conflict in this situation as both state that the occupations at issue require frequent reaching. The magistrate judge then asserted that while the ALJ did indicate that the plaintiff had a limitation regarding occasional reaching with the left arm, no such restrictions were identified with respect to the use of the right arm. He noted that nothing in the DOT expressly states that the jobs identified by the VE require frequent reaching with both arms, and the testimony of the VE also did not give any indication that any of the occupations required frequent reaching with both hands. Therefore, the magistrate judge concluded that there was no inconsistency between the VE's opinion and the DOT descriptions of the jobs.

The plaintiff filed objections to this finding. In her objections, the plaintiff argues that the magistrate judge improperly invaded the province of the ALJ as the finder of fact because there was no testimony to support the magistrate judge's conclusion that none of the jobs identified required frequent reaching with both hands. Plaintiff suggests that it is at least likely that the ALJ would not have accepted the vocational expert's testimony if he knew that the DOT described these jobs as requiring frequent reaching. Further, she states that the ALJ's finding at

least raises the possibility that he would have concluded that jobs that all required at least frequent reaching would not be available to the plaintiff given her inability to fully use her dominant left arm.

An ALJ's findings will be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  Sec'y of Labor v. Mut. Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and after a de novo review, concurs with the magistrate judge that the ALJ's finding concerning there being jobs in significant numbers that the plaintiff can perform, as such findings are supported by substantial evidence. Specifically, this Court finds that there is no inconsistency between the VE's opinion and the DOT descriptions of the jobs, as the plaintiff claims there is.  The VE took into account the plaintiff's limitation with her left arm as evidenced by the

7

transcript of the hearing. ECF No. 15 Ex. 2 *77-78. While some of the jobs that the VE identified as those that the plaintiff could perform are listed as requiring frequent reaching, there is nothing in the SCO that indicates that the jobs require frequent reaching with both arms. Therefore, there is no conflict between the VE's testimony and DOT. Diehl v. Barnhart, 357 F. Supp. 2d 804, 822 (finding no conflict between the VE evidence and the DOT when plaintiff had limitation in right hand but not left hand and some jobs required frequent reaching). As such, the VE's testimony provided substantial evidence for the ALJ's finding that there were jobs that exist in significant numbers in the national economy that the plaintiff could perform.

## IV. Conclusion

Based upon a review for plain error, this Court AFFIRMS AND ADOPTS the magistrate judge's recommendation that the defendant's motion for summary judgment be GRANTED and the plaintiff's motion for summary judgment be DENIED as to the plaintiff's first assignment of error as described above. After a de novo review, this Court also AFFIRMS and ADOPTS the magistrate judge's report and recommendation that the defendant's motion for summary judgment be GRANTED and the plaintiff's motion for summary judgment be DENIED as to the plaintiff's second assignment of error. Thus, for the reasons stated above, the defendant's motion for summary judgment (ECF No. 19) is GRANTED and the plaintiff's motion for

summary judgment (ECF No. 17) is DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    January 29, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE